Nellie M. Marrocco
vs.
United Electric Railways Company
No. 92487

April 22, 1935.

POULIOT, J. This matter is now before the Court on plaintiff's motion for a new trial after a jury returned a verdict for the defendant.

The plaintiff's claim is that she boarded a Mt. Pleasant car, at downtown Providence, which made a stop at the corner of Chalkstone and Mt. Pleasant Avenues; that the car then rounded the corner and proceeded along Mt. Pleasant Avenue; that when it had gone on about one-third the distance between Chalkstone Avenue and the next car stop located at Roanoke Avenue, she pressed the buzzer to signal the operator to stop at Roanoke Avenue; that she arose from her seat, the third from the front on the right side, went up the aisle and, when she was about a foot from the vestibule, was thrown forward by a sudden and unusual stop; that she picked herself up and asked the operator why he made such a sudden stop and that he replied he thought she wanted to get off at the corner, which she interpreted as referring to the previous stop. A Mr. Sallito testified he was a passenger on the same car, sitting in the right rear seat reading a newspaper; he heard the buzzer and shortly afterwards the car stopped so suddenly that he fell over on his seat; he saw a woman picking herself up from the vestibule and recognized her as the plaintiff.

The defendant denies any sudden stop. The operator of the car testified he made no stop between Chalkstone and Roanoke Avenues; he said that when the plaintiff asked him why he made such a stop, he replied he had not yet come to a stop.

John F. Conaty, a member of the bar, testified he sat on the right rear seat; that the car was moving at the time the woman fell; while he does not identify the plaintiff as that woman and does not definitely recall the date of the accident he witnessed, he is placed on that particular car by one of defendant's witnesses who saw him there. Two other passengers, who are employees of the defendant, tell us there was no stopping of the car between Chalkstone and Roanoke Avenues.

The testimony of Mr. Sallito was weakened by evidence adduced by some of defendant's witnesses. Either he was mistaken or Conaty was, in reference to the seat each occupied, as their testimony places both of them in the same seat. Again, Sallito said he was on his way to a plastering job at 117

Leah Street. He was positive that address was correct, because, he said, that's the number that was on the contract. Mr. Dwyer, one of the defendant's employees who witnessesd the accident, has owned 117 Leah Street for the past ten years and has never employed Sallito. There is a person living on Leah Street at another address, of the same name given by Sallito as the property owner for whom he was working. But the dispute was not over the name, but concerning the address, and Sallito was mistaken when he positively asserted it was 117 Leah Street and he knew that because that was the address in his written contract.

The question for the jury, therefore, was: Did the plaintiff prove her contention by a fair preponderance of the evidence? The jury, by its verdict, found that she did not.

The Court can not say, after an analysis of the evidence, that the evidence favorable to the plaintiff was of such a character, as to its weight, that the jury committed an error in finding for the defendant. It seems to the Court that the evidence of one side had no greater probative value than that of the other side.

Therefore, it approves the verdict as rendered, and plaintiff's motion for a new trial is denied.

For plaintiff: Pettine, Godfrey & Cambio.

For defendant: Clifford, Whipple & McGee.